UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEVEN ATKINS, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:23-CV-428-TLS-JEM |
| JERAD MARKS, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Steven Atkins, a prisoner without a lawyer, filed a complaint. ECF No. 1. Under 28 U.S.C. § 1915A, the Court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Atkins alleges his public defenders, Jerad Marks and David Felts, provided him with ineffective assistance of counsel during his state court criminal case. Specifically, he claims they did not obtain video footage of a hotel gas station even though he asked them to get it. He alleges the prosecutors of that case, Tom Chaille, Michael Alexander, and Tasha Lee, withheld evidence and subjected him to discrimination, negligence, and defamation. He alleges Judge Frances C.

Gull violated his Due Process and Fourth, Sixth, and Fourteenth Amendment rights by presiding over his case with "prejudice bias." ECF No. 1 at 2. Atkins also alleges that the coroner, Dr. S. Wagner, lied to the jury when he testified that "the girl was shot twice" because "[t]he reality is she was not [shot] twice[,] she was shot three times." He has sued the Defendants for monetary damages.

A review of the state court docket sheds additional light on the matter. Atkins was charged in the Allen Superior Court with murder, criminal recklessness with a deadly weapon, and using a firearm in the commission of an offense resulting in serious bodily injury or death in May of 2023. *See State v. Atkins.*, 02D05-2305-MR-11 (Allen Superior Court filed May 16, 2023).[1] Following a jury trial, he was sentenced to sixty-five years on the murder count and twenty years on the firearm count on October 6, 2023. *See id*. That conviction remains intact, and it does not appear that he has filed an appeal.

Atkins has not stated any constitutional claims. As an initial matter, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted). Here, Atkins does not allege Judge Gull lacked jurisdiction to preside over his case, and there is no question that issuing orders, presiding over a criminal trial, and sentencing him following a conviction—even if done with alleged bias—are judicial acts. *See John v.*

---

[1] Available at https://public.courts.in.gov/mycase/. The Court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

*Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990) ("[A] judge who assigns a case, considers pretrial matters, and renders a decision acts well within his or her judicial capacity.")). Therefore, Atkins cannot proceed against Judge Gull.

With regard to Tom Chaille, Michael Alexander, and Tasha Lee, "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id.* (internal quotation marks and citation omitted). Because Atkins' suit challenges the actions those attorneys took in bringing the charges against him and prosecuting the case—undoubtedly part of the judicial phase of the criminal process— the claims against them may not proceed either.

Atkins' allegations that Jerad Marks and David Felts, his public defenders, acted in an incompetent manner during the state court criminal proceedings fail as well because unhappiness with his representation does not support a viable constitutional violation in a federal civil rights action. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325, n.18 (1981) (prisoners claiming wrongful incarceration due to ineffective assistance of counsel may be able to proceed under state tort law or habeas corpus proceedings, which "normally is the most important form of judicial relief," but such claims are not actionable under § 1983); *Walton v. Neslund*, 248 Fed. App'x 733, 733–34 (7th Cir. 2007) (affirming dismissal of federal claim related to attorney incompetence as "patently frivolous"). Moreover, private defense attorneys—even appointed public defenders who are paid by the state—are not considered state actors under § 1983. *See Polk Cnty.*, 454 U.S. at 325 ("[A] public defender does not act under color of state law when performing a lawyer's

traditional functions as counsel to a defendant in a criminal proceeding."); *McDonald v. White*, 465 F. App'x 544, 548 (7th Cir. 2012) (dismissing claims against public defender as frivolous because "court-appointed public defender is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983").

With regard to Dr. Wagner, Atkins alleges he lied and testified "negligen[tly]" that the victim was shot twice rather than three times. It is unclear how such testimony affected the results of the trial, but, regardless, these allegations don't state a constitutional claim. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal quotation marks and citation omitted)). And, importantly, witnesses who testify at trial—even those doing so under color of law such as police officers or investigators—are entitled to absolute immunity related to that testimony. *See Rehberg v. Paulk*, 566 U.S. 356, 363–70, 375 (2012).[2]

Finally, even if Atkins' complaint could be construed to allege the Defendants intentionally withheld exculpatory or other materially relevant evidence that affected his trial— or if some sort of malicious prosecution or conspiracy type claim could be teased out of his conclusory allegations—such claims are barred by *Heck v. Humphrey*, because they rest on a presumption that his conviction is invalid. 512 U.S. 477, 486-87 (1994); *see Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014) ("To the extent that [the plaintiffs] may be arguing that police violated their rights by giving false testimony, or that during trial prosecutors withheld material exculpatory evidence about misconduct during their interrogations, *Heck* indeed bars relief until a conviction is set aside."); *see also Thompson v. Clark*, 596 U.S. 36, 44 (2022) (federal claims

---

[2] *Cf. Kompare v. Stein*, 801 F.2d 883, 887 (7th Cir. 1986) ("[C]oroners enjoy the same qualified immunity as police officers or other investigators for the state prosecutor.").

4

for malicious prosecution brought pursuant to 42 U.S.C. § 1983 require that the prosecution was terminated in favor of the accused) (citing *Heck*, 512 U.S. at 484-85). These claims cannot be brought unless and until Atkins' conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 477, 486-87.

Here, as noted above, Atkins was convicted and sentenced of various charges following a jury trial. That conviction has not been overturned on appeal or otherwise. *See generally State v. Atkins*, *supra*. Thus, any implied false or withheld evidence, conspiracy and/or malicious prosecution claims must fail. *See Mockbee v. Lee*, No. 20-2004, 2021 WL 5918556, at *1 (7th Cir. Dec. 15, 2021) (claim that state prosecutors, the judge, and the court reporter conspired to violate the plaintiff's constitutional rights by tampering with the evidence and the docket were barred by *Heck*); *Crowder v. Barrett*, No. 22-1899, 2023 WL 3145312, at *4 (7th Cir. Apr. 28, 2023) ("Finally, to the extent that [the plaintiff] intends to argue that he was unfairly prosecuted, that argument must fail because his robbery charge ended in a conviction that has not been overturned." (citing *Thompson*, 596 U.S. at 49)). These claims must be dismissed without prejudice. *Polzin*, 636 F.3d at 839.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "[d]istrict courts have broad discretion to deny leave to amend . . . where the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (citation omitted). The Court has considered the fact that "[t]he favorable-termination rule [in *Heck* and *Thompson*] is . . . grounded in substantive concerns about allowing conflicting judgments." *Morgan v. Schott*, 914 F.3d 1115, 1120 (7th Cir. 2019).

As such, there is no basis to conclude that if given another opportunity, Atkins could assert plausible claims—consistent with those he has already made under penalty of perjury—related to his outstanding criminal conviction that would not be barred by *Heck/Thompson*. There is also no basis to conclude that he could present viable federal claims against the Defendants that would survive immunity issues.

For these reasons, the Court hereby DISMISSES the case under 28 U.S.C. § 1915A.[3]

SO ORDERED on October 18, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[3] Any potential claims barred by *Heck* and/or *Thompson* are dismissed WITHOUT PREJUDICE.